```
_____
                               )
SALAME M. AMR,                 )
                               )
        Plaintiff,             )
                               )
        v.                     )       Civil Action No. 13-707 (RWR)
                               )
COMMONWEALTH OF VIRGINIA,       )
et al.,                        )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM OPINION

Pro se plaintiff Salame M. Amr was terminated from the faculty of Virginia State University ("VSU") and unsuccessfully sued in federal district court in Richmond. He now brings claims against the Commonwealth of Virginia, the federal district judge who dismissed his suits, and an engineering education society under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986, as well as common law claims of negligence, fraud, conspiracy, tortious interference with contract, and intentional infliction of emotional distress alleging that the defendants conspired to injure Amr's reputation, colluded to deny Amr his rights, and acted individually to prevent Amr from successfully pursuing his previous litigation. The defendants have each moved variously under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2),

12(b)(3), 12(b)(5), and 12(b)(6) to dismiss the complaint for lack of subject matter or personal jurisdiction, for improper venue, for insufficient service of process, and for failure to state a claim.  United States District Judge Robert Payne has also moved to set aside the Clerk's entry of default.

Because the District of Columbia is an improper venue for Amr's claims, the complaint will be dismissed as to all defendants.  Additionally, because Amr has made no showing that this court has personal jurisdiction over the Commonwealth of Virginia or Judge Payne, and because the court lacks subject matter jurisdiction over Amr's claims against the Commonwealth of Virginia, their motions to dismiss will also be granted on those grounds.  Because Judge Payne has a meritorious defense, he did not willfully default, and there is no prejudice to Amr, Judge Payne's motion to set aside the default judgment will also be granted.

BACKGROUND

Salame Amr was an employee at VSU from 2002 to 2008 where he served as Vice-Chair and Secretary of the Faculty Senate. Compl. ¶ 17.  VSU alleged that Amr engaged in academic misconduct related to a paper he submitted to the American Society for Engineering Education ("ASEE"), Compl. ¶ 18-20, and he was eventually terminated, id. ¶ 84.  Amr filed a number of

lawsuits against VSU and other parties, over which Judge Payne presided.  Id. ¶ 26.

Amr's instant complaint makes the following factual allegations.[1]  Throughout the first litigation, Amr's counsel, Scott Crowley,[2] conspired with Attorney General Ronald Regnery "for perfecting VSU's decision to terminate [Amr.]"  Id. ¶ 28. Crowley fraudulently advised Amr with respect to his case and failed to diligently and properly pursue Amr's case, which resulted in Amr's case being dismissed with prejudice.  Id. ¶¶ 30-52, 54-55, 57, 59-62, 65, 69, 71-74.  The defendants falsely promised to compromise with Amr, which prevented him from trying his case.  Id. ¶ 76.  Sometime later, Judge Payne granted ASEE's motion for sanctions against the plaintiff to "intimidat[e] him from exercising an opinion and detained him

---

[1]  Amr's complaint also asserts a number of legal conclusions, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[2] It appears that Amr refers to his former counsel, Crowley and Carolyn Carpenter, as "defendants," see e.g., Compl. ¶ 63 ("Defendants performed in a manner to ensure the Plaintiff's expressed interests were not achieved, as is described of conduct already performed by Counsel Carpenter."), but Amr lists neither as a party.  See id. ¶¶ 2-5.  At parts throughout the complaint, it is unclear who the relevant actors are for Amr's claims and allegations.  Nevertheless, because all defendants will be dismissed, it is unnecessary to untangle the specifics of each particular alleged claim.

from seeking available remedies to clear his name out of
unfounded charge of academic misconduct." Id. ¶¶ 80, 83.

Amr also alleges that several of the actors discriminated
against him on the basis of race, religion, and national origin,
e.g., id. ¶ 77, conspired against him, e.g., id. ¶ 75, and
engaged in fraud, e.g., id. He also contends that Judge Payne
acted to "protect the interests of the other parties in
Plaintiff's lawsuits that had been filed there." Id. ¶ 79.

The defendants now each move to dismiss the case under Rule
12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for
lack of personal jurisdiction, 12(b)(3) for improper venue,
12(b)(5) for insufficient service of process, and/or 12(b)(6)
for failure to state a claim. The Commonwealth also contends
that the Eleventh Amendment bars suit because the Commonwealth
has not waived immunity, and that res judicata bars suit because
these facts have already been litigated. Commonwealth of
Virginia Mot. to Dismiss Mem. of P & A ("Def.'s Mem.") at 1-9.
ASEE also argues that the complaint is untimely because Amr's
claims stem from acts committed six years ago and that the
judicial proceedings privilege bars suit. ASEE's Supp. Mot. to
Dismiss at 2-3.

## DISCUSSION

I.  VENUE

Venue is appropriate in the district (1) where any defendant resides if all defendants reside in the same state, (2) where "a substantial part of the events or omissions giving rise to the claim occurred," or (3) where any defendant may be found if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Not all of the defendants are domiciled in the District of Columbia, so venue is not appropriate under § 1391(b)(1). Further, Amr has not alleged that any of the pertinent acts occurred in the District of Columbia, see Compl., thus venue is not appropriate under § 1391(b)(2).  Amr seems to rest on § 1391(b)(3) because he argues that the case could not have been brought in the Eastern District of Virginia because of bias. See Compl. ¶ 6; Reply at 1.  However, the text of § 1391(b)(3) states, "if there is no district in which an action may otherwise be brought as provided in this section," then the case may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(b)(3).  Here, there is another district in which the action "may otherwise be brought as provided in this section": the Eastern District of Virginia.  E.g., Ananiev v. Wells Fargo Bank, N.A., 968 F. Supp. 2d 125, 131 (D.D.C. 2013) (dismissing a

case for improper venue because "the predicate requirement" was not met to apply 1391(b)(3) since the action would be appropriately brought in another district); <u>Corbett v. Jennifer</u>, 888 F. Supp. 2d 42, 46 (D.D.C. 2012) (finding venue under 1391(b)(3) inappropriate "because there is another district in which the action may be brought"); <u>Smith v. U.S. Investigations Servs., Inc.</u>, Civil Action No. 04-0711 (RMU), 2004 WL 2663143, *4 (D.D.C. Nov. 18, 2004) (finding that § 1391(b)(3) "is only applicable if there is no district in which venue is proper under one of the venue statute's first two provisions"). Accordingly, venue is not appropriate in the District of Columbia under any part of § 1391(b).

Upon a showing that venue in this district is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. While a transfer is favored, particularly when the plaintiff is pro se, <u>James v. Verizon Servs. Corp.</u>, 639 F. Supp. 2d 9, 15 (D.D.C. 2009), transfer to the proper venue of the Eastern District of Virginia is not in the interests of justice here. That court found Amr's allegations in his multiple law suits about his termination to be meritless and vexatious, and barred him from filing there any further actions that in any way relate to or involve his termination or the subsequent litigation that arose out of his

denial of tenure and termination from VSU.  Commonwealth of
Virginia Mot. to Dismiss Ex. A; <u>see also</u> <u>Amr v. Attorney Gen. of
Va.</u>, Civil Action No. 3:11cv423, 2011 WL 10621803, *1 (E.D. Va.
Sept. 22, 2011) (entering an order "prohibiting the plaintiff
from filing in this Court any action involving the subject
matter of this action and the three cases mentioned herein
previously filed by the plaintiff").  The allegations in the
subsequent cases and this case both involve his employment
relationship with VSU and the subsequent litigation.  <u>Compare</u>
Compl. <u>with</u> <u>Amr v. Attorney Gen. of Va.</u>, Civil Action No.
3:11cv423, 2013 WL 1499066 (E.D. Va. Feb. 25, 2013), <u>Amr. v. Va.
State Univ.</u>, Civil Action No 3:10cv787, 2011 WL 4407429 (E.D.
Va. Sept. 21, 2011), <u>Amr v. Eddie N. Moore</u>, Civil Action No.
3:09cv667, 2010 WL 3154567 (E.D. Va. Aug. 9, 2010), <u>and</u> <u>Amr v.
Va. State Univ.</u>, Civil Action No. 3:07cv628, 2009 WL 112829
(E.D. Va. Jan. 14, 2009).  Providing Amr an end-run around the
barring order would be inappropriate.  Accordingly, Amr's case
will be dismissed, rather than transferred.

II.  CLAIMS AGAINST THE COMMONWEALTH OF VIRGINIA AND JUDGE PAYNE

　　　A.　 <u>Subject Matter Jurisdiction</u>

　　　Federal Rule of Civil Procedure 12(b)(1) provides that a
federal court must dismiss a case when it lacks subject matter
jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "'Before a court may
address the merits of a complaint, it must assure that it has

jurisdiction to entertain the claims.'" <u>Cornish v. Dudas</u>, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting <u>Marshall v. Honeywell Tech. Solutions, Inc.</u>, 675 F. Supp. 2d 22, 24 (D.D.C. 2009)). Thus, a court must even raise on its own any questions it perceives about its subject matter jurisdiction. <u>Douglass v. District of Columbia</u>, 605 F. Supp. 2d 156, 168-69 (D.D.C. 2009). It is the plaintiff's burden to demonstrate subject matter jurisdiction. <u>Shuler v. United States</u>, 531 F.3d 930, 932 (D.C. Cir. 2008). If the plaintiff cannot meet that burden, the court must dismiss the action. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) (citing <u>Ex parte McCardle</u>, 74 U.S. 506, 514 (1968)).

In considering a motion to dismiss for lack of subject matter jurisdiction, a court "treat[s] the complaint's factual allegations as true" and "grant[s] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting <u>Schuler v. United States</u>, 671 F.2d 605, 608 (D.C. Cir. 1979)). However, "[b]ecause subject matter jurisdiction focuses on the court's power to hear the claim, . . . the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion[.]" <u>Aref v. Holder</u>, 774 F. Supp. 2d 147, 159 (D.D.C. 2011).

The Commonwealth argues that Amr's claims against it are barred by the Eleventh Amendment to the constitution. That amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. When the amendment was passed, however, the ability to sue a state without its consent "was a thing unknown to the law." Hans v. Louisiana, 134 U.S. 1, 16 (1890). Despite its literal language, the amendment was intended not to create a new right in a state's citizens to sue their state, but rather to make clear that an unconsenting state could not be sued by citizens of other states. The amendment was a reaction against a Supreme Court decision, Chisholm v. Georgia, 2 U.S. 419 (1793), that allowed the opposite. The Supreme Court has since "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

Amr's claims against the Commonwealth are barred by the Eleventh Amendment because Amr failed to sufficiently plead that the Commonwealth either consented to a suit or waived immunity.[3]

---

[3] Moreover, the Commonwealth asserts that it has not waived its immunity for any of Amr's claims. Def.'s Mem. at 8, 8 n.1.

See <u>Alabama v. Pugh</u>, 438 U.S. 781, 781-82 (1978); <u>Morris v. Wash. Metro. Area Transit Auth.</u>, 583 F. Supp. 1522, 1524 (D.D.C. 1984) ("[The Eleventh Amendment] poses a bar to suits against a state agency as well as the state itself and applies to claims of constitutional dimension."). Amr presents no factual allegations in his complaint dispelling the Commonwealth's immunity, <u>see generally</u> Compl., and offers only a cursory assertion that his claims "are not barred by the Eleventh Amendment of the United States Constitution," Am. Response to Def.s' Mots. to Dismiss at 2, ECF No. 27. Thus, because Amr has not established subject matter jurisdiction since his claims against Virginia are barred by sovereign immunity, the Commonwealth's motion to dismiss will be granted also on that ground.

B.   Personal Jurisdiction

Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of making a prima facie showing that the court has personal jurisdiction over the defendants. <u>First Chi. Int'l v. United Exch. Co.</u>, 836 F.2d 1375, 1378 (D.C. Cir. 1988). To meet his burden, "[a] plaintiff must plead specific facts providing a basis for personal jurisdiction." <u>Gomez v. Aragon</u>, 705 F. Supp. 2d 21, 23 (D.D.C.

2010).  Even pro se plaintiffs must plead adequate
jurisdictional facts for their claims.  Id.

A District of Columbia court has personal jurisdiction over
a defendant "domiciled in, . . . or maintaining . . . it's
principal place of business in, the District of Columbia as to
any claim for relief."  D.C. Code § 13-422.  If the plaintiff
does not allege that the defendant is domiciled in or maintains
his principal place of business in the District of Columbia, a
court employs a two-part test to determine whether it has
personal jurisdiction.  First, the District of Columbia's long-
arm statute must reach the defendant.  See GTE New Media Servs.
Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).
Under the District of Columbia's long-arm statute, a court in
the District of Columbia has personal jurisdiction over a non-
resident defendant for a claim arising from the defendant's
conduct in:

> (1)  transacting any business in the District of
>      Columbia;
> (2)  contracting to supply services in the District of
>      Columbia;
> (3)  causing tortious injury in the District of
>      Columbia by an act or omission in the District of
>      Columbia;
> (4)  causing tortious injury in the District of
>      Columbia by an act or omission outside the
>      District of Columbia if he regularly does or
>      solicits business, engages in any other
>      persistent course of conduct, or derives
>      substantial revenue from goods used or consumed,
>      or services rendered, in the District of
>      Columbia[.]

D.C. Code § 13-423.

Second, the exercise of personal jurisdiction must be consistent with the requirements of due process.  GTE New Media Servs., 199 F.3d at 1347.  The Due Process Clause requires that the plaintiff show that the defendant has sufficient "minimum contacts" with the District of Columbia such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  Under this principle, personal jurisdiction is proper where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  The defendant's minimum contacts with the District of Columbia must arise from "'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty., 480 U.S. 102, 109 (1987) (plurality opinion) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

Amr has not alleged an adequate basis for asserting personal jurisdiction over the Commonwealth of Virginia or Judge

Payne under D.C. Code § 13-422.  Amr has not alleged that either

is domiciled in the District of Columbia since all Amr provides

for Judge Payne and the Commonwealth of Virginia are Virginia

addresses.  Compl. ¶¶ 3-4.  Nor has Amr pled an adequate basis

to assert personal jurisdiction over either the Commonwealth of

Virginia or Judge Payne under the District of Columbia long-arm

statute.  There is no allegation that either committed any act

or caused any harm in the District of Columbia.  Amr does not

allege that his claim against either arose from their conduct in

transacting business in the District of Columbia, contracting to

supply services in the District of Columbia, or causing a

tortious injury in the District of Columbia.  Instead, Amr

claims that they conspired against him throughout his previous

litigation in Virginia.  E.g., Compl. ¶¶ 20-21, 37-71.  Because

Amr has not alleged an adequate basis for asserting personal

jurisdiction over the Commonwealth of Virginia or Judge Payne,

their motions to dismiss will be granted also on that ground.[4]

III. JUDGE PAYNE'S MOTION TO SET ASIDE DEFAULT

Under Rule 55(c), a court has discretion to "set aside an

entry of default for good cause."  Fed. R. Civ. Pro. 55(c).

---

[4] The parties also raise a number of other arguments to
support their motion to dismiss.  Because the motions to dismiss
will be granted because of improper venue, and lack of personal
jurisdiction and subject matter jurisdiction, the other
arguments raised are not addressed.

Default judgments are generally disfavored by courts "perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980); see Webb v. District of Columbia, 146 F.3d 964, 971 (D.C. Cir. 1998) ("[A] default judgment must be a sanction of last resort, to be used only when less onerous methods . . . will be ineffective or obviously futile." (internal quotation marks omitted)). A court considering whether to set aside an entry of default must balance three factors: "'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" Jackson, 636 F.2d at 836 (quoting Keegel v. Key West & Caribbean Trading Co, 627 F.2d 372, 373 (D.C. Cir. 1980). When balancing these factors, "all doubts are resolved in favor of the party seeking relief." Jackson, 636 F.2d at 836.

Balancing the Jackson factors favors setting aside the entry of default. First, Judge Payne has raised a meritorious defense that favors setting aside the entry of default.[5] See Jackson, 636 F.2d at 836; Canales v. A.H.R.E., Inc., 254 F.R.D. 1, 11 (D.D.C. 2008) (requiring that the asserted defense be one

---

[5] Additionally, Judge Payne has other meritorious defenses, as is discussed above, because Amr has failed to show personal jurisdiction over Judge Payne and because the District of Columbia is an improper venue.

that "may be proven at trial," but not mandating that the

defendant prove the defense in a motion to set aside default).

Judge Payne asserts that Amr has failed to effect proper proof

of service.  This defense is meritorious because Amr has failed

to provide proof of service required for a case filed in this

district.  To properly serve Judge Payne, who is an employee of

the United States, Amr must also have served the United States

Attorney for the District of Columbia.  Fed. R. Civ. P.

4(i)(1)(A)(i).  He has offered no evidence that he has done so.

    Nor is it clear that Amr properly served Judge Payne in his

individual capacity.  <u>See</u> Fed. R. Civ. P. 4(i)(3) (explaining

that United States employees sued individually must also be

served under Rule 4(e)).  The summons and complaint were not

delivered to Judge Payne personally, or left at his dwelling or

usual place of abode with a person of suitable age and

discretion who resides there.  Fed. R. Civ. P. 4(e)(2)(A)-(B).

Moreover, it is unclear whether the person who was served --

Sharon Cooke, denominated as a division manager[6] at 701 East

Broad Street, 7th Floor, Richmond, VA -- is "an agent authorized

by appointment or by law to receive service of process," Fed. R.

---

    [6] Indeed, the first summons was returned as unexecuted
because Sharon Cooke refused service of process.  <u>See</u> ECF No.
18.

Civ. P. 4(e)(2)(C), or if the service otherwise followed state law for serving a summons in Virginia, Fed. R. Civ. P. 4(e)(1).

There is also no evidence of a willful default.  "The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003).  Here, as is discussed above, Judge Payne may not have been properly served and his obligation to respond therefore may not have yet begun.  E.g. Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Although default may be entered upon a defendant's failure to plead or otherwise defend, a defendant's obligation to respond to a complaint arises only upon service of the summons and complaint." (internal citation omitted)).  Without an obligation to respond, there can be no willful default.

Amr also has not shown that he would be prejudiced by setting aside the entry of default.  In his opposition to Judge Payne's motion to set aside entry of default, Amr failed to allege any prejudice.  In any event, it is unclear that Amr could make such a showing.  A plaintiff can be prejudiced because of the "accompanying dangers" of delay, Capital Yacht

Club v. Vessel AVIVA, 228 F.R.D. 389, 393-94 (D.D.C. 2005)
(quoting KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d
1, 15 (1st Cir. 2003)), or because setting aside default would
require the plaintiffs "to try their . . . claim a second time."
Whelan v. Abell, 48 F.3d 1247, 1259 (D.C. Cir. 1995).  There is
no apparent danger from the delay since the case is still in the
preliminary stage.  E.g., Acree v. Republic of Iraq, 658 F.
Supp. 2d 124, 129 (D.D.C. 2009).  Additionally, though Amr filed
for entry of default judgment, he did not provide any
substantive proof along with that motion, see Mot. for Default
Judgment, to show that he has a viable claim.  See Fed. R. Civ.
Pro. 55(d) ("A default judgment may be entered against the
United States, its officers, or its agencies only if the
claimant establishes a claim or right to relief by evidence that
satisfies the court.").

     Accordingly, on balance, the Jackson factors favor setting
aside default.  Judge Payne's motion to set aside entry of
default will be granted and Amr's motion for default judgment
will be denied as moot.

CONCLUSION

Amr's claims against all the defendants will be dismissed
for improper venue.  Amr's claims against the Commonwealth of
Virginia must also be dismissed for lack of subject matter
jurisdiction.  Amr's claims against Judge Payne and the

Commonwealth of Virginia must also be dismissed for lack of personal jurisdiction.  Judge Payne's motion to set aside entry of default will be granted and Amr's motion for default judgment will be denied.  A final Order accompanies this Memorandum Opinion.

SIGNED this 15th day of July, 2014.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge